The opinion of the Court was delivered by
WhitNÉe, J.
This Court is of opinion the non-suit was properly ordered by the circuit Judge. The views suggested in the report are such as meet with approval., and in delivering the judgment of this Court, I shall only attempt, briefly to enforce and sustain them by authority. By our Act of 1791, lands acquired after making a will, do not pass thereby, unless there has been a subsequent republication.'7 Stat. 163. It is conceded, therefore, that if a deed had been executed by the sheriff to Christian Breithaupt, neither his executor nor devisee could have maintained this action. The Act of Assembly, 1791, embraced both lands and personal estate, though by the Act of Assembly, 1808, this restriction as to personalty was removed, and upon this branch of the case the inquiry is as to which class the interest of Breithaupt in these lands belonged. It is correctly denominated by the circuit Judge an equitable interest. Mr. Story in his Eq. Jur. Section 1212, says, this belongs to a class of cases embracing what is commonly called the equitable conversion of property. By this is meant an implied or equitable change of property from real to personal or from personal to real, so that each is considered transferable, transmissible and descendible, according to its new character. Thus, says the author in continuation, where a contract is made for the sale of land, the vendor is -in equity immediately deemed a trustee for the vendee of the real estate, and the vendee is deemed a trustee for the vendor of the purchase money. Under such circumstances, the vendee is treated as *58 the owner of tbe land and it is devisable and descendible as bis real estate.
Tbe equitable interest therefore in question if it bad been acquired before tbe will was made would have passed by tbe devise, but being acquired after,'and there being no republication, descended to tbe heir. Tbe general rule as stated in Chit, on Con. 308, is that tbe beir or devisee, and not tbe personal representative, must sue on a contract relating to freehold property. In such a contract as this a specific performance must have been asked by tbe beir-at-law.
It is supposed that tbe payment of a portion of tbe purchase money by tbe executor may make a difference, but it is not perceived. If tbe purchaser of real estate dies without having paid tbe purchase money, bis beir-at-law or devisee of tbe land purchased, as tbe case may be, will be entitled to have tbe land paid for by the administrator or executor— 2 Will. onEx’ors. 1499 ; 10 Yes. 597. In this case, therefore, Christian Breithaupt, having died intestate as to tbe land, the heir-at-law to whom it descended, was entitled to have it discharged of tbe debt, and to have a title deed from tbe sheriff. But it is insisted that tbe sheriff has actually made a deed to the land in question, and the defendant cannot gainsay or dispute this title. But whose title may be not dispute, and why not? Tbe purchaser or any one claiming under him, and because sqch person is regarded as having tbe title of tbe defendant himself, and that be may not dispute however imperfect.
It has never been held that he may not resist a stranger. This plaintiff is neither tbe purchaser from, nor assignee, devisee or heir-at-law of Breithaupt. He has a sheriff’s deed; but by what authority ? It is said tbe sheriff was tbe agent of tbe defendant, but is this correct for any such purpose? • Tbe sheriff may be by.law and for certain purposes tbe agent of both plaintiff and defendant. That is an agency Avell defined, and as to this transaction the Act of tbe *59 Legislature must be pursued. The sheriff is authorized to convey to the .purchaser, and, looking to the object of the law, our Courts have recognized conveyances to his assignee, devisee or heir.
The alleged authority from the executor cannot mend the matter, as this has .been to be shown a case of partial intestacy. It is not analogous to the case of McElmurray vs. Ardis, 3 Strob. 212. In that case there was a will before the interest accrued, and whilst the judge delivering the opinion held that generally the titles should be executed to the party having the legal estate, adds but if made toíthe devisee the land was subject to a trust confided to the executor for the payment of debts. The motion to set aside the non-suit and to grant a new trial is refused.
O’Neall, Wardlaw, Withers, G-lover and Munro, JJ., concurred.

Motion dismissed.